**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

WALTER JAVIER MIRANDA VICUNA,

Petitioner,

v.

PAMELA BONDI, *et al.*,

Respondents.

Case No. 2:26-cv-03161 (BRM)

**MEMORANDUM AND ORDER**

**THIS MATTER** is before the Court on Petitioner Walter Javier Miranda Vicuna's

("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241,

challenging his continued detention by immigration authorities. (ECF No. 1.)

Petitioner has paid the $5.00 filing fee. This Court is required by Rule 4 of the Rules

Governing Section 2254 Cases ("Habeas Rules"), which is applicable to § 2241 cases through Rule

1(b) of the Habeas Rules, to preliminarily review the petition and determine whether it "plainly

appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For

the following reasons, the Petition is dismissed for lack of jurisdiction.

Petitioner, a citizen of Ecuador, entered the United States on an unknown date. (ECF No.

1 at 12.) On November 13, 2009, he was issued a Notice to Appear and was subsequently released

from Immigration and Customs Enforcement ("ICE") custody on bond. (*Id.* at 13.) On December

12, 2025, Petitioner was arrested by ICE agents in Elizabeth, New Jersey. (*Id.* at 14.) On January

1, 2026, Petitioner was transferred to Winn Correctional Center, in Winnfield, Louisiana. (*Id.* at

20.) According to the Petition, on February 10, 2026, Petitioner appeared in immigration court in

Louisiana, waived his right to appeal, and accepted voluntary departure. (*Id.* at 20–21.) ICE failed

to execute Petitioner's removal prior to the March 12, 2026 voluntary departure deadline. (*Id.* at

1

21.) Petitioner subsequently filed a petition for writ of habeas corpus in the United States District Court for the Western District of Louisiana, which remains pending. (*Id.* at 2.)

Petitioner argues this Court has jurisdiction to review the claim in his Petition. (*Id.* at 3–11.) The Court disagrees. District courts have the power to issue a writ of habeas corpus under § 2241 to release a prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. In most cases, for "habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *see also Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement (quoting *Rumsfeld*, 542 U.S. at 443)).

Here, Petitioner admits he filed the Petition in the U.S. District Court for the District of New Jersey while he was located in the Winn Corrections Center in Winnfield, Louisiana. Furthermore, Petitioner acknowledges he has a pending § 2241 petition pending in Louisiana's District Court. Therefore, habeas jurisdiction is only proper in the U.S. District Court for the Western District of Louisiana because that is the district where Petitioner was confined when he filed his Petition before this Court.

District courts have the power to transfer civil actions to cure want of jurisdiction when the interests of justice so require. 28 U.S.C. § 1631. As Petitioner already has a pending § 2241 petition in the Western District of Louisiana, the Court declines to exercise that power and transfer the Petition.

Accordingly, and for good cause appearing,

**IT IS** on this 26th day of March 2026,

**ORDERED** that the Petition (ECF No. 1) is **DISMISSED** without prejudice for lack of jurisdiction; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of the Order upon Petitioner electronically and **CLOSE** this matter.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

3